The People of the State of New York, Respondent, *v.* Joseph Torre, Appellant.

Third Department, November 6, 1969.

*Ungerman & Harris (Joseph Harris* of counsel), for appellant.

*Howard A. Levine, District Attorney,* for respondent.

Staley, Jr., J. This is an appeal from a judgment of the County Court of Schenectady County, rendered April 2, 1969, upon a jury verdict convicting defendant of criminal contempt in violation of subdivision 4 of section 215.50 of the Penal Law.

Defendant was subpoenaed by the District Attorney of Schenectady County to testify before the May, 1968 Grand Jury of the Supreme Court, Schenectady County, which was conducting an inquiry into gambling activities, and the possible involve-

ment therewith of public officials of the City and County of Schenectady.

Defendant appeared before the Grand Jury on July 10, 1968 and, after being duly sworn, refused to answer any questions and invoked the Fifth Amendment. The Grand Jury then voted to confer immunity upon defendant. Defendant was advised of the grant of immunity, and he again refused to answer on the ground that he wanted Federal immunity. The Grand Jury was then recessed to the next day and defendant was ordered to reappear. On the following day, July 11, 1968, defendant again refused to answer " on the advice of counsel ". A short recess was then taken during which a conference was held between the District Attorney and defendant's counsel. Upon returning to the Grand Jury room defendant again refused to answer any questions, although he stated that he understood that immunity had been conferred upon him, and that he could not be prosecuted under Federal or State law for anything based upon any evidence given before this Grand Jury.

On October 1, 1968 defendant was indicted and charged with criminal contempt. On October 9, 1968 defendant was arraigned and he entered a plea of not guilty. On January 29, 1969 defendant moved for a dismissal of the indictment alleging that, after the grant of immunity, the District Attorney had promised to limit the scope of his interrogation exclusively to the question of his knowledge of the corruption of public officials; that this promise was breached; and, for that reason, he refused to testify. This motion was denied and the indictment was transferred to the County Court.

On February 7, 1969 a notice was served upon defendant's attorney advising that the case would be moved for trial on February 24, 1969. The District Attorney moved the case for trial on February 24, 1969, whereupon defendant requested an adjournment " until sometime in July " on the ground that one of his witnesses was out of the country. Since the court was being held by an Acting County Judge due to the unavoidable absence of the County Judge, the case was adjourned by consent to February 27, 1969. On the adjourned date defendant again requested an adjournment by reason of the absent witness stating that this witness was present when the alleged promise of the District Attorney to limit the scope of inquiry was made. Defendant's counsel admitted that he was present when the alleged promise was made, but stated he did not intend to take the witness stand, and that he wanted a disinterested witness. The request for adjournment was denied and the case was set down for trial on March 17, 1969.

On March 14, 1969 defendant filed a written application for a continuance until July, 1969, which application consisted of an affidavit by defendant's counsel containing a description of the alleged promise made to him in the presence of the witness, and an affidavit from a third party to the effect that he had received a letter from the witness on January 15, 1969 indicating that the witness was employed as a civilian in Vietnam, and would be resigning from his employment on an unspecified date in June, 1969.

On March 17, 1969 the case was moved for trial and the court heard and considered the application for a continuance. After hearing the arguments of counsel and considering the moving papers, the court denied the application and directed the case to proceed to trial. Defense counsel then advised the court that he was not ready to proceed '' in accordance with our Motion previously made '', whereupon the court advised him that a ruling had been made on that motion, and directed the parties to select a jury. Thereafter, defendant's counsel stated that '' we're not participating in this trial '' and '' with respect to this case — we ask for permission to leave '', stating: '' You can have a trial in absentia because that's what it's going to be.'' Permission for defendant and his counsel to leave the courtroom was then denied, whereupon the selection of the jury and the trial continued with defense counsel refusing to take any part therein. The jury returned a verdict of guilty, and the court set April 2, 1969 as the date for sentence.

Defendant's counsel then moved for a new trial on the grounds that defendant was deprived of his constitutional and statutory right to have witnesses produced in his behalf and in particular the witness named in the moving papers prior to the trial. This motion was denied.

Defendant's first contention is that the refusal of the trial court to grant his motion for a continuance was an abuse of discretion. The decision on whether to grant a continuance was discretionary with the trial court. (*People* v. *Jackson,* 111 N. Y. 362.) The contention is destitute of merit in that no effort was shown by defendant to obtain the presence of the witness or to obtain a statement or affidavit from the witness as to his probable testimony from which its materiality could be ascertained. Further, defendant's counsel was present at the time of the alleged promise and the District Attorney was also available. Defendant chose to disregard this and rely on an absent witness. We find no abuse of discretion.

Defendant's second contention is that due process requires that a grant of immunity should be made in the presence of a

Judge and defense counsel, and that defendant should have been taken before a Judge and given an opportunity to purge himself. The law does not require that a grant of immunity be made in the presence of a Judge or defense counsel. (Code Crim. Pro., § 619-c.) Here defendant was fully aware of his rights, and the extent of the immunity conferred upon him. Upon his refusal to answer questions after the grant of immunity, the matter was adjourned to the following day so that he would have the opportunity to further consult with his counsel. On the following day after the scope of the immunity granted was again fully explained, he again persisted in his refusal to answer. It thus appears that his rights were fully protected.

Defendant's third contention is that the trial court's refusal to allow defendant's counsel to withdraw; the refusal and failure of defendant's attorney to participate in the trial; and the failure of the trial court to advise defendant of his right to secure other counsel deprived defendant of the effective assistance of counsel, and resulted in a total deprivation of due process. Defendant's counsel sought permission for both himself and his client to withdraw so that the trial would be held *in absentia*. The request was properly refused. At no time did the defense counsel seek leave to withdraw as counsel for defendant. In fact throughout the trial, defendant sought his advice when questioned by the court. Here defendant acquiesced in and actively participated in the defense strategy employed. Nothing in his actions gave any indication to the court that he was not being actively represented by counsel of his own choice. Under the circumstances, he may not now complain that the court should have advised him of his right to secure other counsel.

Defendant further contends that the charge to the jury was defective, in that the court did not instruct the jury that defendant's refusal or neglect to testify does not create a presumption against him; that the trial court failed to instruct the jury on the essential elements of the crime charged; that the trial court erroneously charged the meaning and effect of the indictment; and that the charge was vague, confusing and misleading. We find, after reviewing the charge, no merit in these contentions. It is not error for a trial court not to instruct the jury that the failure of defendant to testify does not create any presumption against him in the absence of a request that the jury be so charged. (*People* v. *De Loatch,* 19 A D 2d 908.) Further, both defendant and his counsel were given the opportunity to make exceptions to the charge and requests to charge. No exceptions were taken and no requests were made.

Defendant also contends that the sentence was excessive and selectively discriminatory. He was found guilty of criminal contempt arising out of a refusal to answer questions concerning gambling activities, and his actions indicate a complete refusal to co-operate in any way with the Grand Jury and by these tactics delay and impede their inquiry. In our opinion the sentence imposed by the court was justified based upon defendant's actions, his prior criminal record, and the Probation Department's report.

The other contentions of the defendant are wholly without merit and require no further discussion.

The judgment should be affirmed.

HERLIHY, P. J., GREENBLOTT and COOKE, JJ., concur.

Judgment affirmed.